UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION – LEXINGTON
*Filed Electronically*

CRIMINAL ACTION NO. 5:25-CR-30-KKC-MAS

UNITED STATES OF AMERICA                                        PLAINTIFF

V.

TERENCE CLEMONS                                                DEFENDANT

---

### SENTENCING MEMORANDUM

---

Comes the Defendant, by and through counsel, and submits the following Sentencing Memorandum for the Court to consider in determining the appropriate sentence in this case.

Pursuant to 18 U.S.C. § 3553 (a), the Court shall impose a sentence sufficient but not greater than necessary to comply with the purpose of the statute. See 18 U.S.C. §3553(1) and (2). Under subsection (1) of the statute, in considering the particular sentence to be imposed, the Court should first consider "the nature and circumstances of the offense and the history and characteristics of Mr. Clemons. *Id*. In order to aid in presenting a comprehensive picture of Mr. Clemons for the Court, counsel retained the assistance of Christine M. Penry, M.A. (See attached C.V.). Ms. Penry provides an extensive history of Mr. Clemons that is helpful in understanding what led him to now stand before the Court.

To begin, the nature and circumstances of the offense are undoubtedly severe in nature. He comes before the Court for sentencing after pleading guilty to Count I of the Indictment, charging a violation of l8 U.S.C. § 2251(a), employing, using, persuading, inducing, enticing, and coercing a minor to engage in sexually explicit conduct for the

purpose of producing a visual depiction of that conduct. Defendant admitted to his participation in these offenses by entering a plea of guilty before this Court on or about May 7, 2025, and in so doing accepted responsibility for his actions. The statutory term of imprisonment is no less than 15 years nor more than 30. There is a reason for this. The conduct involves Mr. Clemons developing a relationship with a 13 year old female who was involved in the 4-H program in the Bath County School Systems. There was admittedly sexual conduct involved primarily through electronic means, however there was one (1) instance of touching. This conduct, to be sure, will have a profound effect on the victim in this case and has been catastrophic for Mr. Clemons. Mr. Clemons recognizes that the effect that his conduct has had on him personally is secondary to the effect it has and will have on the victim. The seriousness of the offense cannot be overstated and if the analysis ended there, the decision on the sentence in this case would be simple. However, the second half of this subsection requires the Court to consider the history and characteristics of Mr. Clemons and thanks to the work of Ms. Penry, we have the benefit of a comprehensive look at Mr. Clemons.

The need for the sentence imposed must take into account several factors. *18 U.S.C. 3553 (2)(A)-(D)*. The first is "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.

As stated above, the seriousness of the offense is well known. Mr. Clemons, by all appearances has been a model citizen up to the instant lapse in judgment. He was well-educated, always gainfully employed and an honorably discharged veteran who was married with two children. His respect for the law is evident. All of this begs the question:

How did he end up engaging in this conduct? Ms. Penry's work in investigating Terence's background is illustrative.

So many times in cases such as this, we deal with people who have been perpetrating for an extensive period of time and just "fly under the radar". This is not the case *sub judice*. The contrast between Defendant's prior life history and the conduct underlying this case is important for the Court's sentencing analysis. As outlined throughout the Penry Report (attached hereto), the years preceding the offense were marked by escalating psychological strain, marital deterioration, untreated depression and anxiety, and increasing reliance on avoidant coping strategies. While none of these factors excuse the offense conduct, they provide context for understanding how Defendant's decision-making deteriorated during a period of significant personal and psychological instability. It is apparent that the conduct engaged in resulting in this indictment is conduct that is not of an ongoing nature, but conduct that appears to have manifested itself during this period in his life that converged due to "the history and characteristics of the defendant". *Id*.

In analyzing the deterrent effect of any sentence imposed, one really need only look at Mr. Clemons's history. In terms of specific deterrence, the consequences that Terence has experienced as a result of his decisions in this case cannot be overstated. He lost his livelihood, his marriage, his standing in the community and most importantly, his liberty. Simply put, no matter how it is viewed, Mr. Clemons is going to lose a significant portion of his life in a custodial setting whether it be for the mandatory minimum sentence (15 years) or the maximum sentence (30 years). In looking at the sentencing alternatives through the eyes of a 52 year old man, the minimum sentence is certainly sufficient, but

not greater than necessary to satisfy the requirements of the statute. As this Court is well aware, the incidence of recidivism decreases drastically the older one gets and if given a minimum sentence, Mr Clemons will be in his 60's prior to having any type of release followed by a period of supervised release of anywhere from 5 years to life.[1]   Defendant has acknowledged his transgressions before this Court and is ready willing and able to accept the punishment that this Court sees fit to hand down taking into consideration the sentencing factors set forth in 18 U.S.C. 3553.

Finally, the Defendant objects to the impermissible "double counting" set forth in the presentence report found in paragraphs 16 and 21. In *United States v. Perkins*, 89 F.3d 303 (6th Cir. 1996), the Sixth Circuit conducted an in-depth analysis of the concept of double counting under the USSG. Specifically, the Court held that the District Court, in that case, did not impermissibly double count for the simple fact that each increase was the result of a separate specific offense characteristic. In the instant case, two (2) points are added in paragraph 16 of the Presentence Report based solely on the age of the victim. An additional two (2) points are added in paragraph 21 for the Defendant's Role in the Offense by virtue of the victim being under the age of 18. This amounts to impermissible double counting and the Adjusted Offense Level should be revised accordingly. As calculated in the current Presentence Report, Defendant stands before the Court with an offense level of 43 and a criminal history category of I. However, his offense level should be decreased by two (2) points in keeping with *Perkins*.

---

[1] USSG §5D1.2(b)(2). The period of supervised release certainly addresses the protection of the public from further crimes of the Defendant and is a period wherein Clemons could be provided with the educational, vocational, mental health or medical care that might be called for upon release.

Defendant's criminal history is nonexistent save the instant matter. Under the sentencing guidelines as calculated in the Presentence Report, Defendant's guideline range in this case calls for a life sentence, however, by virtue of the statutory penalty provisions of 18 U.S.C. §2251(e), he is subject to a mandatory minimum sentence of 15 years and a maximum sentence of 30 years.

As stated above, the conduct which led to the Defendant's arrest was committed during an isolated period of time in his life. That being said, he does and has admitted that when it happened as it did, he should have disengaged immediately and did not and for that he knows he did wrong and is ready to accept the Court's judgment regarding punishment. He is agreeable to sex offender treatment and any other recommendations of the court. He plans to return to his family home and obtain employment upon his release.

The behaviors that led to the offenses in the instant matter are tied to untreated psychological symptoms, chronic relational disconnection, shame-based coping, and prolonged emotional suppression—factors that are serious but identifiable and responsive to structured intervention. When paired with structured supervision and ongoing monitoring, these interventions provide a well-established framework for managing risk while addressing the underlying factors that contributed to the conduct before the Court. In this context, the available evidence suggests that Defendant's behavior is best understood not as the product of a persistent predatory identity, but as a late-emerging breakdown in judgment within a specific psychological and relational context and is one that can be addressed through accountability, treatment, and carefully structured supervision. (*See* Penry Report)

At the time of sentencing, Defendant will be 52 years old. A minimum sentence of 15 years at 85 percent service would allow him to be released when he is approximately 65 years old. Anything longer than that is, in essence, a sentence which will most likely result in Defendant remaining in custody the rest of his life. On balance, in considering the factors under 18 U.S.C. §3553, a sentence at the low end of the statutorily prescribed sentencing range would be sufficient but not greater than necessary to address the requisite factors to be taken into account by the Court when crafting its sentence. As such, Defendant asks that this Court consider all of the above when crafting the appropriate sentence and sentence the Defendant to the mandatory minimum period of time.

Respectfully Submitted,

*/s// Christopher A. Spedding, Esq.*
CHRISTOPHER A. SPEDDING
Attorney at Law
271 W. Short St., Ste. 204
Lexington, KY 40507
(859) 255-0050
chris@speddinglawoffice.com

## CERTIFICATE

I hereby certify that on this 10th day of April, 2026, I electronically filed the foregoing with the clerk of the court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Christopher A. Spedding
**CHRISTOPHER A. SPEDDING**