**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CASE NO.  25-30-KKC**

**UNITED STATES OF AMERICA**                                                          **PLAINTIFF**

**V.**                  **UNITED STATES' SENTENCING MEMORANDUM**

**TERENCE LORENZO CLEMONS**                                                **DEFENDANT**

\* \* \* \* \*

The Defendant pleaded guilty to using a minor to produce multiple sexually explicit visual depictions, in violation of 18 U.S.C. § 2251(a).  [R. 15: Plea Agreement.] The Presentence Report calculates that the Defendant's offense level is a 43 and criminal history category I—resulting in a recommended guideline range of life imprisonment. [PSR ¶ 54.]  However, the statutory maximum for the Defendant's crime is 360 months imprisonment; therefore, the applicable guideline range is 360 months of imprisonment. *Id*.  The Defendant has moved the court for a downward variance. [R. 27: Defendant's Sentencing Memo.] The United States objects.  A guideline sentence is necessary to achieve the sentencing objectives of 18 U.S.C. §3553(a).

A substantial sentence is necessary "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."  18 U.S.C. § 3553(a)(2)(A).  In this case, Clemons pleaded guilty to producing sexually explicit

1

images of a victim known to him. Beginning in approximately April 2024 and continuing through May of 2024, Clemons carried on a "relationship" with a 13-year-old child. [R. 15: Plea Agreement at ¶ 3.]   He professed his love for her and asked her to engage in various forms of sexually explicit conduct.  *Id*. This conduct was done via livestreaming and other platforms and transmitted via the internet or cellular networks. *Id*.  The conduct also included at least one incident of physical touching between Clemons and the victim. *Id*.  This was an ongoing, continuous pattern of conduct. Moreover, Clemons used his position as a 4-H County Extension Agent to gain access to the victim and facilitate the abuse.  Id. This abuse of trust heightens the seriousness of the offense. *Id*. The victim will live with the impact of this crime for a lifetime. Moreover, there is a societal harm caused by Clemons's conduct. "As victimized children reach adulthood, they often struggle to develop healthy relationships, and to find their place in society. In this way, their burdens are shared by all." *United States v. Faulkner*, 926 F.3d 266, 272 (6th Cir. 2019) (citations omitted).

A substantial sentence is also required to "to protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a)(2)(C).  Although Clemons had not previously been convicted for criminal offenses, his course of criminal conduct in this matter demonstrates a threat to children and a willingness to harm those close to him.  The danger posed to the public militates strongly against a variance in this case.

A substantial sentence is also needed "to afford adequate deterrence to criminal conduct."  18 U.S.C. § 3553(a)(2)(B).  A sentence of imprisonment of 360 months would be a clear warning to others considering similar conduct.  "General deterrence is crucial

in the child pornography context." *United States v. Camiscione*, 591 F.3d 823, 834 (6th Cir. 2010).  Learning of Clemons's substantial sentence will perhaps reduce the abuse of children by others considering similar conduct.  *See United States v. Widmer*, 511 F. App'x 506, 511-12 (6th Cir. 2013) ("sentence was necessary to send a signal to would-be offenders that receipt of child pornography carries significant consequences").

Notably, a sentence of 360 months of imprisonment is, in essence, a variance from Clemon's otherwise applicable guideline range.  In this case, the benefit Clemons obtained by pleading guilty was having a sentencing range capped at 30 years—a sentence less than the otherwise recommended range of life.  No additional reduction in this matter is warranted.

**<u>CONCLUSION</u>**

The United States respectfully requests the Court to impose a sentence of 360 months imprisonment, to be followed by at least twenty years of supervised release.

Respectfully Submitted,

JASON D. PARMAN
FIRST ASSISTANT UNITED STATES ATTORNEY

By:     s/ Erin M. Roth
        Assistant United States Attorneys
        260 W. Vine Street, Suite 300
        Lexington, Kentucky 40507-1612
        (859) 685-4872
        Erin.Roth@usdoj.gov

CERTIFICATE OF SERVICE

On  April 17, 2026, I electronically filed this document through the ECF system, which will send notice of electronic filing to all counsel of record.


<span style="margin-left:50%">s/ Erin M. Roth</span>
<span style="margin-left:50%">Assistant United States Attorney</span>